UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 04-219 (JRT/FLN) |
| Plaintiff, | |
| v. | ORDER ADOPTING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE DATED JULY 20, 2005 |
| MODESTAS TAYLOR, | |
| Defendant. | |

---

Thomas M. Hollenhorst, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Ste 600, Minneapolis, MN 55415, for plaintiff.

Ellis Olkon, **OLKON & OLKON**, 2362 Willow Drive North, Medina, MN 55340, for defendant.

Defendant Modestas Taylor is charged with possession with intent to distribute more than five grams of cocaine base stemming from a police search of a hotel room in which defendant was staying.  On August 17, 2004, this Court adopted the recommendation of the Magistrate Judge that the defendant's statements to police and the crack cocaine seized during the search be suppressed because they were the product of an unlawful detention.  *United States v. Taylor*, 2004 WL 2066850 (D. Minn. Aug. 17, 2004).  The government appealed the suppression decision to the Eighth Circuit, which retained jurisdiction over the appeal and remanded the case to this Court for a determination of whether or not the police legally entered the hotel room after knocking on the door and for specific credibility findings to determine, in greater detail, the circumstances of the encounter in the hotel room.  *United States v. Taylor*, 2005 WL

1229701 (8th Cir. May 25, 2005). The Magistrate Judge heard additional argument on the issues raised by the Court of Appeals, and submitted a supplemental Report and Recommendation, to which the government objects.

The Court has conducted a *de novo* review of the government's objection pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. LR 72.1(c)(2). The Court has also reviewed the arguments of the parties and the transcripts of the initial evidentiary hearing before the Magistrate Judge and the recent supplemental arguments heard by the Magistrate Judge. For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge in part, and as directed, returns the case to the Eighth Circuit Court of Appeals with the following additional findings.

In the supplemental Report and Recommendation, the Magistrate Judge determined that on the night of April 24, 2004, defendant was in a hotel room at the Super 8 hotel in Bloomington, Minnesota rented for him by Richard Glenn Ivey. Three uniformed police officers, responding to a call from the front desk at the hotel that a large number of calls had been received from people asking for defendant's room by number rather than by name, knocked on the door to the room. Different than in the original Report and Recommendation, the Magistrate Judge explicitly determined that, although defendant remembers it differently, the police officers requested to enter the room and defendant acquiesced. The officers entered the relatively small room and walked defendant back to the bed, where he sat down. With the defendant seated on the bed, one of the officers asked defendant a series of questions, while the other two officers looked around the room from where they were standing for any suspicious items in plain view.

Defendant believed that he would have been arrested if he did not answer the officer's questions, or if he had attempted to leave the room.[1]  The officer requested to search the room, and the defendant consented because he believed that the police were already searching the room.[2]  The officers found several rocks of crack cocaine in the pocket of a pair of pants hanging over a chair.  The officers did not at any time advise defendant that he could refuse them entry, decline to speak with them, or deny permission to search the room.  The entire encounter lasted approximately four minutes.

Based on the above, the Magistrate Judge concluded that the officers' entry into defendant's room was lawful.  The Court adopts the above factual findings and this conclusion.  However, the Court does not adopt the Magistrate Judge's additional determinations that: (1) the encounter was custodial; (2) the defendant's consent to search the room was the product of an unlawful detention; and (3) the defendant's consent to search the room was not voluntarily given.

Initially, the Court of Appeals did not request further conclusions concerning the custodial nature of the encounter or the lawfulness of the defendant's consent to search.  Furthermore, based on the Magistrate Judge's additional fact and credibility findings, if

---

[1] The Magistrate Judge's determination that the defendant *reasonably* believed that he would be arrested is a legal conclusion that was not requested by the Court of Appeals.  Accordingly, the Court does not adopt the Magistrate Judge's finding as to the reasonableness of defendant's belief.  Additionally, as noted *infra*, if faced with that question the Court likely would disagree with the Magistrate Judge's conclusion.

[2] Again, the Magistrate Judge's determination that the defendant *reasonably* believed that the officers were already searching the room and that he had no choice but to consent is a legal conclusion that was not requested by the Court of Appeals and is, therefore, not adopted by the Court.  Furthermore, as discussed *infra*, in light of the additional findings of fact and credibility, the Court likely would not find that defendant's consent was involuntary.

asked to make such determinations, the Court likely would no longer agree that the defendant was in custody or that his consent to the search was not voluntary.

In affirming the Magistrate Judge's initial Report and Recommendation, this Court relied in part on the defendant's testimony that the three officers "rushed" into the hotel room. Such an action would certainly have lent a coercive, police dominated tone to the encounter, and supported the Magistrate Judge's conclusion that the defendant was in custody. However, contrary to the scenario presented at the time of the first Report and Recommendation, it is now clear that the officers lawfully entered the room, after knocking on the door and requesting and being granted permission, and took no overtly or intentionally intimidating steps in initiating the interview. This finding changes the overall tone of the encounter.

That the officers did not tell the defendant that he could refuse them entry, refuse to answer questions, or leave or ask them to leave are important factors that, in many instances, tend to indicate a custodial situation. However, in this case, the Court believes that the defendant's acquiescence to the entry, the general nature of the questions asked, the lack of any formal restraints, the brevity of the encounter, and the lack of any objectively intimidating or coercive activity on the part of the police officers outweighs the lack of warnings. Defendant's subjective belief notwithstanding, this Court does not believe that it was not objectively reasonable for the defendant to believe that he was restrained to a degree associated with a formal arrest. *See United States v. Griffin*, 922 F.2d 1343, 1347 (8th Cir. 1990). Accordingly, if the Court were faced with the question, it would find that the interview was not custodial and the officers, therefore, were not

required to read defendant the *Miranda* warnings, and any statements and evidence were not the product of an unlawful detention.

Furthermore, in light of the additional fact and credibility findings, the Court also likely would find that the officers reasonably concluded that defendant's consent to search was voluntary. *See United States v. Esquivias*, 416 F.3d 696, 700-01 (8th Cir. 2005). The defendant is an adult with an eleventh grade education. Although he had been drinking that evening, neither he nor the officers believed him to be impaired. In addition, the officers had only entered the room a short time before he consented to the search, he was not threatened or intimidated by police, he did not consent as a result of any promises from police, and he was not in police custody at the time of the consent, and was cooperative during the entire encounter.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **AFFIRMS in part** and **OVERRULES in part** the plaintiff's objections [Docket No. 53] and **ADOPTS in part** and **REJECTS in part** the Magistrate Judge's Report and Recommendation [Docket No. 52] as follows:

The Court **ADOPTS and CERTIFIES**, pursuant to the Eighth Circuit Court of Appeals's instructions, the following findings of the Magistrate Judge:

1. The police officers requested to enter defendant's room, and defendant voluntarily acquiesced.

2. The officers' entry into the hotel room was lawful.

3. The officers walked the defendant back to the bed, where he sat down.

4. The defendant believed that he would be arrested if he did not speak to the officers or tried to leave the hotel room.

5. One officer questioned the defendant, while the other two looked around the room for anything in plain view.

6. The officers requested to search the room, and defendant acquiesced.

7. The defendant believed that the officers, by looking around, were searching the room.

8. The defendant had been drinking alcohol, but was not impaired.

9. The defendant was nervous and intimidated by the presence of the officers.

The Court **REJECTS** the following findings of the Magistrate Judge:

1. The defendant *reasonably* believed that he would be arrested if he did not speak to the officers or tried to leave the hotel room.

2. The officers would necessarily have prevented the defendant from leaving the hotel room during the interview.

3. The defendant was in custody during the interview.

4. The defendant *reasonably* believed he had no choice but to consent to the search.

5. The defendant's consent to search was not voluntary.

DATED:   September 12, 2005                              s/ John R. Tunheim
at Minneapolis, Minnesota.                                  JOHN R. TUNHEIM
                                                         United States District Judge