## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 04-219 (JRT/FLN) |
| | Civil No. 07-1613 (JRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION** |
| MODESTAS TAYLOR, | |
| Defendant. | |

Thomas Hollenhorst, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Modestas Taylor, No: 11623-041, Federal Correctional Institution, PO Box 5000, Pekin, IL 61555-5000, defendant *pro se*.

Modestas Taylor filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the 110 month sentence imposed after he pled guilty to unlawfully, knowingly and intentionally possessing five grams or more of a mixture and substance containing a detectable amount of cocaine base. For the reasons discussed below, the Court denies Taylor's motion.

### BACKGROUND

Taylor was arrested on April 24, 2004.[1] A manager of a Super 8 motel had called Bloomington police that day to report suspicions that drug activity was taking place in

---

[1] The factual summary of this case primarily derives from a June 30, 2005 Report and Recommendation by United States Magistrate Judge Franklin L. Noel and a Sept. 12, 2005 Order of this Court.

one of the hotel rooms. Officers responding to the call found Taylor alone in the suspect room. After Taylor consented to a search of the room, officers found crack cocaine and Taylor's keys in the pocket of a pair of pants.

Taylor was charged by indictment with possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841. Taylor moved to suppress the evidence from the hotel room, arguing that the police improperly questioned him before informing him of his *Miranda* rights and that he did not voluntarily consent to the search of the room. After remand from the Eighth Circuit Court of Appeals, this Court denied the motion to suppress.

Taylor agreed to plead guilty after the motion to suppress was denied. The plea agreement stated that Taylor waived "all rights conferred by Title 18, United States Code, Section 3742, to appeal either directly or collaterally, his sentence on any ground, unless his period of imprisonment exceeds 110 months." The Court sentenced him to 110 months imprisonment, and he did not file an appeal.

On March 19, 2007, Taylor filed a *pro se* 28 U.S.C. § 2255 habeas motion seeking to vacate his conviction. He argues that the conviction should be vacated because the Court erred by denying his suppression motion and that his conviction violates the Constitution as a result.

## ANALYSIS

A valid guilty plea waives an inmate's right to raise claims on collateral review that evidence was unlawfully obtained, that consent to search was not voluntarily given, or that officers failed to give a *Miranda* warning. *See, e.g.*, *Smith v. United States,* 876

F.2d 655, 657 (8th Cir. 1989). The only arguments Taylor makes in his motion are that the Court erred by denying his motion to suppress because he did not consent to the search, the officers failed to give him a *Miranda* warning, and the search and detention were unlawful. He waived the right to make these arguments when he pled guilty. *Id.* Moreover, Taylor raised these identical arguments to this Court and to the Eighth Circuit during his criminal proceedings, and § 2255 does not provide a venue for Taylor to relitigate those holdings. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). The Court concludes that the 28 U.S.C. § 2255 motion should be dismissed.

## CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds that it is unlikely that another court would decide the issues raised in this § 2255 petition differently. For this reason, the Court concludes that Taylor has failed to make the required substantial showing of the denial of a constitutional right, and the Court denies a certificate of appealability.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docket No. 77] is **DISMISSED with prejudice**.

2. The Court does not certify the issues raised in defendant's motion for appeal under 28 U.S.C. § 2253(c)(2).

The Clerk of Court is respectfully directed to mail a copy of this Order to defendant.

DATED: August 31, 2007            s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                           United States District Judge